**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**　　　　　**CIVIL ACTION NO. 07-X-50082-DT**

vs.

                             **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**BRYAN DANIEL,**　　　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Defendant's Claim for Exemption on the Writs of Continuing Garnishment directed to Comerica Bank (docket no. 4); Metro Construction Home Improvement and Metro Construction Home Improvement, LLC (docket no. 16); B and D Investment Development Company, LLC (docket no. 19); and Metro Construction Home Improvement Limited (docket no. 23); should be **DENIED**.

**II.**    **REPORT:**

      *A.*    *Facts and Procedural History*

Defendant filed Requests for a Hearing and Claims for Exemption in response to four Writs of Continuing Garnishment entered by this Court. (Docket nos. 4, 16, 19, and 23). These writs are directed to Comerica Bank; Metro Construction Home Improvement & Metro Construction Home Improvement, LLC; B and D Investment Development Company, LLC; and Metro Construction Home Improvement Limited. (*Id.*) This Court entered judgment against Defendant in a criminal case for restitution in the amount of $253,976.70 on May 21, 2001. (No. 00-CR-80232, docket no. 47).

Defendant Comerica Bank answered the writ disclosing that it has no liability to Defendant and is not obligated to make periodic payments to him. (Docket no. 3). In addition, an unsigned Answer of the Garnishee was filed by Metro Construction Home Improvement Limited bearing a handwritten notation of "Business will not be open until beginning of 2008." (Docket no. 17). The remaining garnishees have not made their disclosures. In Defendant's Requests for Hearing, however, he writes that the remaining entities are not yet in business. (Docket nos. 16, 19, 23). In only one of his Requests has Defendant identified a basis for an exemption. This basis is the second exemption listed on the Claim for Exemption Form which allows an exemption for fuel, provisions, furniture, and personal effects. (Docket no. 4).

These Requests for Hearing and Claims for Exemption were referred to the undersigned for decision.[1] (Docket nos. 6, 22). This Court gave Notice to the parties of a hearing to be held on May 16, 2007. (Docket no. 7). On April 20, 2007, Defendant filed a Request to Change Hearing Date. (Docket no. 8). This request was not acted upon, but Defendant failed to appear for the May 16 hearing. (Clerk's Minute Entry dated 5/16/07). Giving Defendant the benefit of the doubt that he believed the hearing date had been changed, the Court served Notice of a new hearing date of June 20, 2007. (Docket no. 24). This mailing was not returned to the Court as undeliverable. Even though Defendant apparently received this Notice, he failed to appear for the June 20 hearing. At the June 20 hearing, counsel for the government revealed that she had sent Defendant a letter on May 21, 2007, asking him to call her office, but Defendant did not respond. Counsel has not had any other contact with Defendant. Defendant's objections to these writs of garnishment are now ready for ruling on the written record.

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

B.  *Standard of Law*

The provisions of 18 U.S.C. § 3613 are applicable when the United States seeks to enforce an order of restitution. 18 U.S.C. § 3613(f). This provision allows the judgment imposing restitution to be enforced against all property or rights to property of the judgment debtor, except for certain enumerated classes of property which are exempt from levy. 18 U.S.C. § 3613(a). In general, a judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption. *See United States v. Wells*, 2006 WL 3203905 (E.D. Mich. Nov. 3, 2006) (garnishment resulting from unpaid student loans).

C.  *Analysis*

Section 3613 of Title 18 provides that certain property exempt from levy for taxes pursuant to 26 U.S.C. § 6334(a) are also exempt from the government's efforts to collect unpaid restitution. One of these classes of property is defined by section 6334(a)(2). This subsection is the one relied upon by Defendant. Subsection (a)(2) exempts "[s]o much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value." 26 U.S.C. § 6334(a)(2). Defendant has failed to show that the writs of garnishment at issue will effect his ownership rights in any type of property listed in subsection (a)(2). The writs are directed to a bank and what appear to be businesses that Defendant might be in the process of establishing. The property subject to these writs would likely be monetary in nature. Accordingly, Defendant's objections and claims for exemption should be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 21, 2007                    s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Bryan Daniel and Counsel of record on this date.

Dated: June 21, 2007                    s/ Lisa C. Bartlett
                                                Courtroom Deputy